Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Marvin E. Aspen |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50243 | **DATE** | 7/30/2001 |
| **CASE TITLE** | ALLENDORF vs. SULLEY TRANSPORT, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated on the attached order, following an in camera inspection, Plaintiff is to produce the Sojourne House records to Defendants by August 13, 2001. Prior to that date the parties are to submit an appropriate 26(c) protective order to address Plaintiff's concerns regarding the privacy of those records. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 30 2001 date docketed | 33 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/30/2001 | |
| tml | courtroom deputy's initials | date mailed notice | |
| | | gg | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WAYNE C. ALLENDORF, <br> Plaintiff, <br><br> v. <br><br> SULLY TRANSPORT, INC., a <br> corporation, and JERRY PAUL BRYAN <br><br> Defendants. | Case No. 98 C 50243 |

## MEMORANDUM OPINION AND ORDER

Pursuant to this court's order of May 5, 2001, Plaintiff was required to submit treatment records from Sojourn House Inc., a substance abuse treatment center, for an in camera inspection. Defendant's motion to the lift protective order was taken under advisement. After a thorough in camera review of the records, this court finds that the records are relevant and should be disclosed to Defendants and made accessible to Defendants' experts.

In his complaint, Plaintiff alleges psychological injuries which are related to a closed head injury he sustained in a motor vehicle collision. Plaintiff claims he suffers mood disorders, secondary to brain trauma, intermittent explosive disorder and frontal lobe syndrome. Plaintiff has requested that his pre-accident records from Sojourn House not be disseminated for use in this dispute.

Plaintiff cites *42 U.S.C. §290dd-2 (C)* which states that the court must find good cause to grant an order requiring disclosure of substance abuse treatment records, weighing the public interest in favor of disclosure against the injury to the patient resulting from disclosure and shall impose appropriate safeguards against unauthorized disclosure. Plaintiff further asserts that the information

1

contained in the records is not relevant under Federal Rule of Evidence 402, and that use of the information should be precluded. Finally, Plaintiff argues that the treatment records from Sojourn House should not be disclosed pursuant to Federal Rule of Evidence 403 because their probative value is substantially outweighed by the resulting unfair prejudice, or confusion of the issues. Whether the records will be admissible pursuant to FRE 402 and FRE 403 is an issue that will be determined at a later date by the trial court.

The issue to be addressed by this court is whether Plaintiff's substance abuse medical records from prior to the accident are confidential pursuant to 42 U.S.C. §290dd-2(C) and whether the records are relevant to the case at bar. Clearly there exists a strong public interest in preserving the confidentiality privilege of a patient in order to ensure successful alcohol or drug abuse treatment. Without the guarantee of confidentiality, many individuals who need treatment may be reluctant to effectively participate in such programs. However, the Seventh Circuit also recognizes that when a party places at issue the question of his mental health, any privilege that might attach to such medical information is waived. Vann v. Lone Star Steakhouse & Salloon of Springfield, Inc., 967 F. Supp. 346, 349 (Ill. 1997); Adams v. Adcor, 196 F.R.D. 339, 344 (E.D.Wis.2000). Wynne v. Loyola University of Chicago, 1999 U.S. Dist. Lexis 14723; Hucko v. City of Oak Forest, 185 F.R.D. 526, 528-29 (N.D.Ill.1999). Allowing a Plaintiff to use a confidentiality privilege as both a sword and a shield would "simply be contrary to the most basic sense of fairness and justice." Adams v. ARDCOR, 196 F.R.D. 339, 343 (E.D. Wis. 2000). *Adams* addressed the issue of whether pre-accident psychological problems, examinations, evaluations, testing and treatments, regardless of whether the psychological records were generated during the course of a custody battle, are precluded from discovery. Because the *Adams* Plaintiff's third amended complaint contained claims

2

for psychological damages and he was offering expert testimony regarding his psychological damages, that court held that the pre-accident mental records were discoverable. Id. at 344.

In the present case, Plaintiff has set forth allegations of psychological injuries which were allegedly caused by the auto collision that occurred on August 4, 1997. Additionally, Plaintiff will likely be providing expert testimony to establish the severity of psychological injuries. Defendants requested all of Plaintiff's mental health records including those from before the accident. While this court acknowledges the importance of keeping substance abuse and mental health records confidential, an in camera review of the treatment records from Sojourn House has demonstrated that the information provided in the records is relevant to the present claim.

Defendants have provided an affidavit from Dr. Ronald Ganellen, a neuropsychologist, asserting that the records pertaining to alcohol use and/or substance abuse are relevant in evaluating a claim for depression and closed head injury. Dr. Brooke, a clinical psychologist, also opined that any substance abuse may be relevant regarding Plaintiff's claim that his personality changes, emotional outbursts, and impulsivity are a result of the head injuries he sustained in the accident. The records include an alcohol and drug evaluation dated January 31, 1996; a diagnostic summary dated January 30, 1996; assessment and progress notes from March 14, 1996 until June 3, 1996; a discharge summary report dated June 3, 1996; and alcohol and drug evaluation update from May 9, 2000. The information provided in these reports includes: Plaintiff's psychological history, Plaintiff's physical and emotional state of mind and a post-accident medical and psychiatric status report. Defendants have shown that the records may contain relevant information by providing the affidavit and deposition of two physicians who have asserted that the information from the substance abuse center would be relevant to a subsequent claim of depression and closed head injury. The

3

records from Sojourn House are not so remote from the time of accident as to render the information irrelevant. Furthermore, the records may be relevant to show that Plaintiff actually suffered from the psychological disorders alleged in his case previous to the date of the alleged accident, or that Plaintiff may have exacerbated an existing condition on the date of the alleged accident. The records are relevant to show causation or lack thereof and are therefore, relevant to the subject matter involved in the pending action as required by Rule 26, Fed. R. Civ. Pro. 26(b)(1).

**CONCLUSION**

For the above reasons, this court finds that the alcohol treatment records from Sojourn House are subject to discovery and disclosure to experts for the defense. Plaintiff has until August 13, 2001 to produce the records. Prior to August 13, 2001, the parties are to submit a Rule 26(c) protective order to address Plaintiff's privacy concerns.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/30/01

4